UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN



UNITED STATES OF AMERICA,

        Plaintiff,

v.                                            Case No. 14-CR-248

SHANE M. SELLS,

        Defendant.

## PLEA AGREEMENT

1.     The United States of America, by its attorneys, James L. Santelle, United States Attorney for the Eastern District of Wisconsin, and Daniel R. Humble, Assistant United States Attorney, and the defendant, Shane M. Sells, individually and by attorney Krista Halla-Valdes, pursuant to Rule 11 of the Federal Rules of Criminal Procedure, enter into the following plea agreement:

### CHARGES

2.     The defendant has been charged in a two-count indictment, which alleges violations of Title 18, United States Code, Sections 2251(a) and 2252(a)(4)(B).

3.     The defendant has read and fully understands the charges contained in the indictment. He fully understands the nature and elements of the crimes with which he has been charged, and those charges and the terms and conditions of the plea agreement have been fully explained to him by his attorney.

4.     The defendant voluntarily agrees to plead guilty to the following count set forth in full as follows:

## COUNT ONE

(Production of Child Pornography)

**THE GRAND JURY CHARGES THAT:**

Between the years 2004 to 2006 in the State and Eastern District of Wisconsin and elsewhere,

**SHANE M. SELLS**

knowingly used known Minor Female A to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct that was recorded by defendant, to wit: an image of known Minor Female A engaged in the masturbation of his genitals, using material that had been mailed, shipped, and transported in or affecting foreign and interstate commerce.

All in violation of Title 18, United States Code, Section 2251(a).

5. The defendant acknowledges, understands, and agrees that he is, in fact, guilty of the offense described in paragraph 4. The parties acknowledge and understand that if this case were to proceed to trial, the government would be able to prove the following facts beyond a reasonable doubt. The defendant admits that these facts are true and correct and establish his guilt beyond a reasonable doubt:

The Wisconsin Department of Justice, Division of Criminal Investigation was contacted by Det. Gordie Kowalski of Shawano County to inform them that he was seeing Gnutella peer-to-peer activity involving child pornography coming from a specific IP address which listed to the defendant, Shane M. Sells, at his residence in New London, Wisconsin, in the Eastern District of Wisconsin. In response, SA Chad Racine and a fellow DCI agent conducted a knock and talk at the defendant's residence on August 25, 2014.

The defendant was cooperative with the agents and consented in writing to a search of his residence and his computers and electronic devices. The agents' conversations with the

2

defendant were audio recorded. The defendant stated that he had been expecting a visit from law enforcement for quite some time and was not surprised by their presence or their questions concerning child pornography.

The defendant stated that he is a pedophile, but denied that he was a sexual predator. He explained his use of the internet to view child pornography helped him quell his sexual attraction to children he sees outside his home. He acknowledged that he is sexually attracted to females between the ages of 8-10.

The defendant detailed for the agents an instance where he had sexually explicit contact with a child. He detailed an incident approximately ten years prior when he was babysitting two minor females (H.M. and M.S.) at his home. He stated that he decided to videotape his interaction with the minor females and during this interaction he allowed the children to pull down his pants and underwear "because they wanted to see his penis." He showed them how his penis "could grow" if he thought about girls and shrink when he thought about boys. One of the girls (Minor Child A referenced in the indictment, also known as H.M.) rubbed an ice cube on his penis and on his nipples, as well as placing a soda bottle on his penis. He further detailed for the agents how at one point the girl put her hand on his penis using his (then removed) underwear and helped him masturbate. He stated he never touched the girls, though he knew it was wrong to let Minor Child A touch him and to persuade them to take part in such a video. The defendant located the VHS videotape and handed it to the agents. The defendant stated that he has never shared the video with anyone else, though he admitted watching it on numerous occasions over the years for prurient purposes. A review of the video by the agents confirms the activities as described by the defendant. Both the camcorder and the videotape used to record the defendant's illegal activities were made outside of the United States and, therefore, travelled in

3

interstate commerce, crossing state lines, prior to their above-described use by the defendant and the defendant knew or had reason to know this.

The defendant gave the agents the name of the girl on the video, as well as her friend who was present during the taping. The agents tracked down the girls that were present when the video was made. They are now 20 and 19 respectively. They remember many of the details of their visits to the defendant's home and the making of the videotape. They also provided the names of other friends who had accompanied them to Sells' house on other occasions, including A.P. The victims (H.M., M.S., and A.P.) went further than the defendant, describing several occasions when the defendant masturbated in front of them while playing pornographic videos. He told them that it was "normal" so they shouldn't tell anyone because it was not "a big deal." The girls identified themselves by viewing still captured photos taken from the video. They (H.M., M.S.) were uncertain of the exact date that the video was made, but place its production around the same time as the defendant, sometime between 2004 and 2006 when they were around 9 or 10 years old. A.P. was approximately the same age as the other girls at the time of her contact with the defendant.

The agents had to call in other agents from the Appleton office and ultimately it took 6 vehicles to transport the boxes and boxes of CDs/DVDs from the defendant's home. The number of discs is estimated to be between 500,000 and 1,000,000.

This information is provided for the purpose of setting forth a factual basis for the plea of guilty. It is not a full recitation of the defendant's knowledge of, or participation in, this offense.

## PENALTIES

6. The parties understand and agree that the offense to which the defendant will enter a plea of guilty carries the following minimum and maximum term of imprisonment and fine: count one, between 15 and 30 years and $250,000. The count also carries a mandatory

4

minimum of 15 years of imprisonment. Each count also carries a mandatory special assessment of $100, at least 5 years of supervised release and a maximum of a lifetime of supervised release. The parties further recognize that a restitution order may be entered by the court.

## DISMISSAL OF REMAINING COUNT

7. The government agrees to move to dismiss the remaining count of the indictment at the time of sentencing.

## ELEMENTS

8. The parties understand and agree that in order to sustain the charge of production of child pornography as set forth in count one, the government must prove each of the following propositions beyond a reasonable doubt:

**First**, that the victim was under the age of eighteen years;

**Second**, that the defendant, for purposes of producing a visual depiction of such conduct, employed, used, persuaded or coerced the person identified in the indictment to take part in sexually explicit conduct; and

**Third**, the defendant knew or had reason to know that such visual depiction was produced using materials that had been mailed, shipped, transported across state lines or in foreign commerce.

*Sexually explicit conduct* is defined as actual or simulated sexual intercourse, including genital-genital, oral-genital, masturbation, or lascivious exhibition of the genitals or pubic area of any person. 18 U.S.C. § 2256(2)(A), 7th Cir. Jury Instruction

## SENTENCING PROVISIONS

9. The parties agree to waive the time limits in Fed. R. Crim. P. 32 relating to the presentence report, including that the presentence report be disclosed not less than 35 days

5

before the sentencing hearing, in favor of a schedule for disclosure, and the filing of any objections, to be established by the court at the change of plea hearing.

10. The parties acknowledge, understand, and agree that any sentence imposed by the court will be pursuant to the Sentencing Reform Act, and that the court will give due regard to the Sentencing Guidelines when sentencing the defendant.

11. The parties acknowledge and agree that they have discussed all of the sentencing guidelines provisions which they believe to be applicable to the offense set forth in paragraph 4. The defendant acknowledges and agrees that his attorney in turn has discussed the applicable sentencing guidelines provisions with him to the defendant's satisfaction.

12. The parties acknowledge and understand that prior to sentencing the United States Probation Office will conduct its own investigation of the defendant's criminal history. The parties further acknowledge and understand that, at the time the defendant enters a guilty plea, the parties may not have full and complete information regarding the defendant's criminal history. The parties acknowledge, understand, and agree that the defendant may not move to withdraw the guilty plea solely as a result of the sentencing court's determination of the defendant's criminal history.

## Sentencing Guidelines Calculations

13. The parties acknowledge, understand, and agree that the sentencing guidelines calculations included in this agreement represent the positions of the parties on the appropriate sentence range under the sentencing guidelines. The defendant acknowledges and understands that the sentencing guidelines recommendations contained in this agreement do not create any right to be sentenced within any particular sentence range, and that the court may impose a reasonable sentence above or below the guideline range. The parties further understand and agree that if the defendant has provided false, incomplete, or inaccurate information that affects the

calculations, the government is not bound to make the recommendations contained in this agreement.

## Relevant Conduct

14. The parties acknowledge, understand, and agree that pursuant to Sentencing Guidelines Manual § 1B1.3, the sentencing judge may consider relevant conduct in calculating the sentencing guidelines range, even if the relevant conduct is not the subject of the offense[s] to which the defendant is pleading guilty.

## Base Offense Level

15. The parties agree to recommend to the sentencing court that the applicable base offense level for the offense charged in count one is 32 under Sentencing Guidelines Manual §2G2.1(a).

## Specific Offense Characteristics

16. The parties acknowledge and understand that the government will recommend to the sentencing court that a four-level increase for sexual contact with a minor not yet 12 years of age under Sentencing Guidelines Manual §2G2.1(b)(1)(A), a two-level increase for the commission of a sexual act or contact under Sentencing Guidelines Manual §2G2.1(b)(2)(A), and a two-level increase for minor in custody or care of the defendant under Sentencing Guidelines Manual §2G2.1(b)(5) are all applicable to the offense level for the offense charged in count one.

## Acceptance of Responsibility

17. The government agrees to recommend a two-level decrease for acceptance of responsibility as authorized by Sentencing Guidelines Manual § 3E1.1(a), but only if the defendant exhibits conduct consistent with the acceptance of responsibility. The defendant acknowledges, understands, and agrees that conduct consistent with the acceptance of

7

responsibility includes but is not limited to the defendant's voluntary identification and disclosure to the government of any and all actual or potential victims of the offense prior to sentencing. In addition, if the court determines at the time of sentencing that the defendant is entitled to the two-level reduction under § 3E1.1(a), the government agrees to make a motion recommending an additional one-level decrease as authorized by Sentencing Guidelines Manual § 3E1.1(b) because the defendant timely notified authorities of his intention to enter a plea of guilty.

## Sentencing Recommendations

18.  Both parties reserve the right to provide the district court and the probation office with any and all information which might be pertinent to the sentencing process, including but not limited to any and all conduct related to the offense as well as any and all matters which might constitute aggravating or mitigating sentencing factors.

19.  Both parties reserve the right to make any recommendation regarding any and all factors pertinent to the determination of the sentencing guideline range; the fine to be imposed; the amount of restitution and the terms and condition of its payment; the terms and conditions of the release; the defendant's custodial status pending the sentencing; and any other matters not specifically addressed by this agreement.

20.  The government agrees to recommend a sentence of 180 months, which is the mandatory minimum sentence as to count one. The defendant and the government jointly recommend a lifetime of supervised release. The parties will jointly articulate the need for lifetime supervised release to the Court prior to sentencing.

## Court's Determinations at Sentencing

21.  The parties acknowledge, understand, and agree that neither the sentencing court nor the United States Probation Office is a party to or bound by this agreement. The United

8

States Probation Office will make its own recommendations to the sentencing court. The sentencing court will make its own determinations regarding any and all issues relating to the imposition of sentence and may impose any sentence authorized by law up to the maximum penalties set forth in paragraph 6 above. The parties further understand that the sentencing court will be guided by the sentencing guidelines but will not be bound by the sentencing guidelines and may impose a reasonable sentence above or below the calculated guideline range.

22. The parties acknowledge, understand, and agree that the defendant may not move to withdraw the guilty plea solely as a result of the sentence imposed by the court.

## FINANCIAL MATTERS

23. The defendant acknowledges and understands that any and all financial obligations imposed by the sentencing court are due and payable in full upon entry of the judgment of conviction. The defendant agrees not to request any delay or stay in payment of any and all financial obligations.

24. The defendant agrees to provide to the Financial Litigation Unit (FLU) of the United States Attorney's Office, upon request of the FLU during any period of probation or supervised release imposed by the court, a complete and sworn financial statement on a form provided by FLU and any documentation required by the form.

### Special Assessment

25. The defendant agrees to pay the special assessment in the amount of $100 prior to or at the time of sentencing.

### Restitution

26. The defendant agrees to pay restitution as ordered by the court. The defendant understands that because restitution for the offense is mandatory, the amount of restitution shall

be imposed by the court regardless of the defendant's financial resources. The defendant agrees to cooperate in efforts to collect the restitution obligation. The defendant understands that imposition or payment of restitution will not restrict or preclude the filing of any civil suit or administrative action.

## Forfeiture

27. The defendant agrees that all properties listed in the indictment constitute the proceeds of the offense to which he is pleading guilty, or were used to facilitate such offense. The defendant agrees to the forfeiture of these properties and to the immediate entry of a preliminary order of forfeiture. The defendant agrees that he has an interest in each of the listed properties. The parties acknowledge and understand that the government reserves the right to proceed against assets not identified in this agreement.

## DEFENDANT'S WAIVER OF RIGHTS

28. In entering this agreement, the defendant acknowledges and understands that he surrenders any claims he may have raised in any pretrial motion, as well as certain rights which include the following:

    a. If the defendant persisted in a plea of not guilty to the charges against him, he would be entitled to a speedy and public trial by a court or jury. The defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, the defendant, the government and the judge all must agree that the trial be conducted by the judge without a jury.

    b. If the trial is a jury trial, the jury would be composed of twelve citizens selected at random. The defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of guilty. The court would instruct the jury that the defendant is presumed innocent until such time, if ever, as the government establishes guilt by competent evidence to the satisfaction of the jury beyond a reasonable doubt.

10

    c.    If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all of the evidence, whether or not he was persuaded of defendant's guilt beyond a reasonable doubt.

    d.    At such trial, whether by a judge or a jury, the government would be required to present witnesses and other evidence against the defendant. The defendant would be able to confront witnesses upon whose testimony the government is relying to obtain a conviction and he would have the right to cross-examine those witnesses. In turn the defendant could, but is not obligated to, present witnesses and other evidence on his own behalf. The defendant would be entitled to compulsory process to call witnesses.

    e.    At such trial, defendant would have a privilege against self-incrimination so that he could decline to testify and no inference of guilt could be drawn from his refusal to testify. If defendant desired to do so, he could testify on his own behalf.

29.    The defendant acknowledges and understands that by pleading guilty he is waiving all the rights set forth above. The defendant further acknowledges the fact that his attorney has explained these rights to him and the consequences of his waiver of these rights. The defendant further acknowledges that as a part of the guilty plea hearing, the court may question the defendant under oath, on the record, and in the presence of counsel about the offense to which the defendant intends to plead guilty. The defendant further understands that the defendant's answers may later be used against the defendant in a prosecution for perjury or false statement.

30.    The defendant acknowledges and understands that he will be adjudicated guilty of the offense to which he will plead guilty and thereby may be deprived of certain rights, including but not limited to the right to vote, to hold public office, to serve on a jury, to possess firearms, and to be employed by a federally insured financial institution.

31.    The defendant knowingly and voluntarily waives all claims he may have based upon the statute of limitations, the Speedy Trial Act, and the speedy trial provisions of the Sixth Amendment. The defendant agrees that any delay between the filing of this agreement and the

entry of the defendant's guilty plea pursuant to this agreement constitutes excludable time under the Speedy Trial Act.

33. Based on the government's concessions in this agreement, the defendant knowingly and voluntarily waives his right to appeal his sentence in this case and further waives his right to challenge his conviction or sentence in any post-conviction proceeding, including but not limited to a motion pursuant to 28 U.S.C. § 2255. This waiver does not extend to an appeal or post-conviction motion based on (1) any punishment in excess of the statutory maximum, (2) the sentencing court's reliance on any constitutionally impermissible factor, and (3) ineffective assistance of counsel.

### Further Civil or Administrative Action

33. The defendant acknowledges, understands, and agrees that the defendant has discussed with his attorney and understands that nothing contained in this agreement, including any attachment, is meant to limit the rights and authority of the United States of America or any other state or local government to take further civil, administrative, or regulatory action against the defendant, including but not limited to any listing and debarment proceedings to restrict rights and opportunities of the defendant to contract with or receive assistance, loans, and benefits from United States government agencies.

### MISCELLANEOUS MATTERS

34. Pursuant to 18 U.S.C. § 3583(d), the defendant has been advised and understands the court shall order as a mandatory condition of supervised release, that the defendant comply with state sex offender registration requirements. The defendant also has been advised and understands that under the Sex Offender Registration and Notification Act, a federal law, he must register and keep the registration current in each of the following jurisdictions: the location of his residence; the location of his employment; and, if he is a student, the location of his

school. Registration will require that the defendant provide information that includes, name, residence address, and the names and addresses of any places at which he will be an employee or a student. The defendant understands that he must update his registration not later than three business days after any change of name, residence, employment, or student status. The defendant understands that failure to comply with these obligations may subject him to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine and/or imprisonment.

## GENERAL MATTERS

35. The parties acknowledge, understand, and agree that this agreement does not require the government to take, or not to take, any particular position in any post-conviction motion or appeal.

36. The parties acknowledge, understand, and agree that the United States Attorney's office is free to notify any local, state, or federal agency of the defendant's conviction.

37. The defendant understands that pursuant to the Victim and Witness Protection Act, the Justice for All Act, and regulations promulgated thereto by the Attorney General of the United States, the victim of a crime may make a statement describing the impact of the offense on the victim and further may make a recommendation regarding the sentence to be imposed. The defendant acknowledges and understands that comments and recommendations by a victim may be different from those of the parties to this agreement.

38. The defendant agrees that H.M., M.S., and A.P. are actual or proximate victims of this offense.

## EFFECT OF DEFENDANT'S BREACH OF PLEA AGREEMENT

39. The defendant acknowledges and understands if he violates any term of this agreement at any time, engages in any further criminal activity prior to sentencing, or fails to

13

appear for sentencing, this agreement shall become null and void at the discretion of the government. The defendant further acknowledges and understands that the government's agreement to dismiss any charge is conditional upon final resolution of this matter. If this plea agreement is revoked or if the defendant's conviction ultimately is overturned, then the government retains the right to reinstate any and all dismissed charges and to file any and all charges which were not filed because of this agreement. The defendant hereby knowingly and voluntarily waives any defense based on the applicable statute of limitations for any charges filed against the defendant as a result of his breach of this agreement. The defendant understands, however, that the government may elect to proceed with the guilty plea and sentencing. If the defendant and his attorney have signed a proffer letter in connection with this case, then the defendant further acknowledges and understands that he continues to be subject to the terms of the proffer letter.

## **VOLUNTARINESS OF DEFENDANT'S PLEA**

40. The defendant acknowledges, understands, and agrees that he will plead guilty freely and voluntarily because he is in fact guilty. The defendant further acknowledges and agrees that no threats, promises, representations, or other inducements have been made, nor agreements reached, other than those set forth in this agreement, to induce the defendant to plead guilty.

## ACKNOWLEDGMENTS

I am the defendant. I am entering into this plea agreement freely and voluntarily. I am not now on or under the influence of any drug, medication, alcohol, or other intoxicant or depressant, whether or not prescribed by a physician, which would impair my ability to understand the terms and conditions of this agreement. My attorney has reviewed every part of this agreement with me and has advised me of the implications of the sentencing guidelines. I have discussed all aspects of this case with my attorney and I am satisfied that my attorney has provided effective assistance of counsel.

Date: 2/10/15

SHANE M. SELLS
Defendant

I am the defendant's attorney. I carefully have reviewed every part of this agreement with the defendant. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

Date: 2/10/15

KRISTA HALLA-VALDES
Attorney for Defendant

For the United States of America:

Date: 2/12/15

JAMES L. SANTELLE
United States Attorney

Date: 2/12/15

DANIEL R. HUMBLE
Assistant United States Attorney

15