# UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|
| v. | Case Number: 14-CR-248 |
| SHANE M. SELLS | USM Number: 13458-089 |
| | Krista A. Halla-Valdes<br>Defendant's Attorney |
| | Daniel R. Humble<br>Assistant United States Attorney |

THE DEFENDANT pleaded guilty to count one (1) of the indictment.

**The defendant is adjudicated guilty of these offense(s):**

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. §2251(a) | Production of child pornography | 2006 | 1 |

The defendant is sentenced as provided in Pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

Count two (2) is dismissed on the motion of the United States.

IT IS ORDERED that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and the United States Attorney of material changes in economic circumstances.

Date of Imposition of Judgment
May 11, 2015

s/ William C. Griesbach, Chief Judge, United States District Court
Signature of Judicial Officer
May 12, 2015
Date

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of one hundred and eighty (180) months.

☐ The court makes the following recommendations to the Bureau of Prisons:

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district

    ☐ at _____ a.m./p.m. on _____.

    ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons,

    ☐ before _____ a.m./p.m. on _____.

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

at _____ with a certified copy of this judgment.

UNITED STATES MARSHAL

By: _____  
Deputy United States Marshal

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of LIFE.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

- ☒ The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse.
- ☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.
- ☒ The defendant shall cooperate in the collection of DNA as directed by the probation officer.
- ☒ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense.
- ☐ The defendant shall participate in an approved program for domestic violence.

If this judgment imposes a fine or a restitution obligation, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1. the defendant shall not leave the judicial district without permission of the court or probation officer;
2. the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3. the defendant shall answer truthfully all inquiries by the probation officer, subject to his Fifth Amendment right against self incrimination, and follow the instructions of the probation officer;
4. the defendant shall notify the probation officer at least ten days prior to any change in his place of residence or employment. When such notification is not possible, the defendant shall notify the probation officer within 72 hours of the change;
5. the defendant shall not associate with any persons known by him to be engaged, or planning to be engaged, in criminal activity. "Associate," as used here, means reside with or regularly socialize with such person;
6. the defendant shall permit a probation officer to visit him or her at reasonable times at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
7. the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

**ADDITIONAL SUPERVISED RELEASE TERMS**

1. The defendant shall participate in a mental health treatment program and shall take any and all prescribed medications as directed by the treatment provider and participate in any psychological/psychiatric evaluation and counseling as approved by the supervising probation officer. The defendant shall pay the cost of such treatment under the guidance and supervision of the supervising probation officer.

2. The defendant shall participate in a program of sex offender mental health assessment and treatment, as approved by the supervising probation officer, until such time as he is released from the program by the supervising probation officer. This assessment and treatment may include the polygraph to assist in planning and case monitoring. Any refusal to submit to such assessment or test as scheduled is a violation of the conditions of supervision. The defendant shall pay the cost of this program under the guidance and supervision of the supervising probation officer. The defendant shall waive all rights to confidentiality regarding sex offender mental health treatment in order to allow release of information to the supervising probation officer and to authorize open communication between the supervising probation officer and the treatment provider.

3. The defendant shall not have intentional, unsupervised, one on one contact with children under the age of 18 unless approved in advance, in writing, by his supervising probation officer, and then only in the physical presence of an approved chaperone who has been advised of the defendant's criminal history of inappropriate contact with minors. The defendant shall report within 8 hours to the probation office any unauthorized contact with children.

4. The defendant shall provide the supervising probation officer with all of his Internet enabled device(s) pseudonyms, passwords, and logons, as well as copies of his telephone bills, all credit card statements/receipts, and any other financial information requested.

5. The defendant shall consent to the use of computer monitoring software on his Internet enabled devices, which may include hardware, removable storage/media devices, and copying of all data from these device(s). This also includes removal of such equipment by his supervising probation officer, when necessary, for the purpose of conducting a more thorough examination. Failure to comply with this condition may result in the revocation of the defendant's supervision.

AO 245B (Rev. 09/11) Judgment in a Criminal Case:

Defendant: SHANE M. SELLS  Page 5 of 6
Case Number: 14-CR-248

**CRIMINAL MONETARY PENALTIES**

The defendant must pay the total criminal monetary penalties under the Schedule of Payments on the attached page.

| | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **Totals:** | $100.00 | $0.00 | $0.00 |

☐ The determination of restitution is deferred until ___. An *Amended Judgement in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If a defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all non-federal victims must be paid before the United States is paid.

| **Name of Payee** | **\*\*Total Loss** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| **Totals:** | $ | $ | |

☐ Restitution amount ordered pursuant to plea agreement: $_____.

☐ The defendant must pay interest on any fine or restitution of more than $2,500.00, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on the Schedule of Payments may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

   ☐ the interest requirement is waived for the  ☐ fine   ☐ restitution.

   ☐ the interest requirement for the   ☐ fine ☐ restitution, is modified as follows:

\*\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

**SCHEDULE OF PAYMENTS**

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A ☒ Lump sum payment of $100.00 due immediately.

B ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, ☐ E, or ☐ F below; or

C ☐ Payment in equal monthly installments of not less than $___ or 10% of the defendant's net earnings, whichever is greater, until paid in full, to commence 30 days after the date of this judgment; or

D ☐ Payment in equal monthly installments of not less than $___ or 10% of the defendant's net earnings, whichever is greater, until paid in full, to commence 30 days after release from imprisonment to a term of supervision; or

E ☐ Payment during the term of supervised release will commence within 30 days after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F ☐ Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several
Defendant and Co-Defendant Names, Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate:

☐ The defendant shall pay the cost of prosecution

☐ The defendant shall pay the following court costs

☒ The defendant shall forfeit the defendant's interest in the following property to the United States:

1. A HP Compaq computer, serial number CNG7500XVD;
2. One silver Apple tower computer, serial number G87381ZMUQ2; and
3. One silver Apple G5 tower computer, serial number G85420KXR6U

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.